*Summary Disposition May 1, 2009:*

CONSUMERS ENERGY COMPANY V ACEY, No. 137425. In lieu of granting leave to appeal, we reverse the Court of Appeals judgment to the extent that it reversed the trial court's order limiting the easement to a "66-foot working strip." Although the majority of the written easements at issue in this case does not include the limitation, the plaintiff voluntarily and expressly agreed on the record to the imposition of this limitation. See *Dana Corp v Employment Security Comm*, 371 Mich 107, 110 (1963); *Bowman v Coleman*, 356 Mich 390, 392-393 (1959). Court of Appeals No. 277039.

*Reconsideration Granted May 1, 2009:*

DAVIS V FOREST RIVER, INC, No. 136114. The motions for reconsideration of this Court's December 19, 2008, order are granted. We vacate our order dated December 19, 2008. On reconsideration, the application for leave to appeal the February 21, 2008, judgment of the Court of Appeals is again considered, and it is granted. The parties shall address: (1) whether the Uniform Commercial Code (UCC), MCL 440.1101 *et seq.*, applies to the purchase contract between the plaintiff and the dealer, Kitsmiller RV; (2) if the UCC applies, whether the UCC provides the plaintiff's exclusive remedy for revoking acceptance of the purchase contract, MCL 440.2608; (3) whether the UCC requires privity to revoke acceptance of the purchase contract; (4) whether third-party beneficiary status under the warranty confers on the plaintiff any rights independent of the warranty; (5) whether the economic loss doctrine and the UCC, MCL 440.1101 *et seq.*, apply to the plaintiff consumer's claims for breach of warranty; and (6) if the plaintiff's consumer complaints are not governed by the UCC, what is the nature and source of any non-UCC remedy.

Persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Summary disposition entered at 482 Mich 1123. Court of Appeals No. 270478.

*Leave to Appeal Denied May 1, 2009:*

HALL V CLAYA, No. 137162; Court of Appeals No. 277202.

MARKMAN, J. (*concurring*). I concur with the Court's order denying leave to appeal, but write separately to express considerable sympathy for defendant's position. Defendant finds himself subject to a jury verdict of $9,467 in actual damages and $170,000 in exemplary damages. It is clear to me that defendant's initial actions fell within the scope of his employment and were undertaken in good faith. Indeed, defendant's actions reflected a conscientious public servant determined to prevent the abuse of public monies. Normally, this would warrant a finding that defendant, a public school official, was entitled to governmental immunity. But, viewing the evidence in the light most favorable to plaintiff, as

is required in reviewing an appeal from a motion for a directed verdict, *Zsigo v Hurley Med Ctr*, 475 Mich 215, 220-221 (2006), I can only conclude that defendant's final communication with plaintiff's insurer exaggerated the actual facts as they then existed and that this communication contained unfounded and inaccurate information to the extent that defendant was no longer acting in good faith. Finally, I note that the amount of exemplary damages here seems extraordinarily excessive in light of the actual damages awarded. But, defendant has not raised any claim regarding the propriety or amount of such exemplary damages.

JAMIL V JAHAN, No. 137332; reported below: 280 Mich App 92.

PEOPLE V BLACKSTON, No. 137627; Court of Appeals No. 245099.

MARKMAN, J. (*concurring*). For the reasons stated in my dissenting opinion in *People v Blackston*, 481 Mich 451 (2008), I continue to believe that the trial court abused its discretion here in excluding the recanting statements and that the error was not harmless. However, because this Court has already addressed this issue and my position did not prevail, and because I agree with the Court of Appeals that defendant's remaining issues are without merit, I concur in this Court's decision to now deny leave to appeal.

KELLY, C.J. I join the statement of Justice MARKMAN.

PEOPLE V KIRCHER, No. 137652; Court of Appeals No. 275215.

MARKMAN, J. (*dissenting*). I would grant leave to appeal to consider whether the sentencing guidelines apply to MCL 324.3115(4). On the one hand, MCL 777.13c states that the guidelines apply to specifically listed felonies, including the offense specified in MCL 324.3115(4), which suggests that the guidelines *are* applicable and that a conviction under § 3115(4) carries a five-year *indeterminate* maximum sentence. On the other hand, MCL 324.3115(4) states that the trial court "shall" impose a five-year term of imprisonment, which apparently communicates a *determinate* sentence, thereby rendering the guidelines inapplicable pursuant to MCL 769.34(5). Moreover, whether MCL 324.3115(4) effectively imposes a determinate sentence for purposes of MCL 769.34(5) is placed into issue by the Legislature's use of substantially more definite language in other criminal statutes imposing determinate sentences, e.g., MCL 750.227b (possession of a firearm during the commission of a felony) (the defendant "shall" be sentenced to a "mandatory term" that "shall not be suspended" and the defendant is "not eligible for parole"); MCL 750.316(1) and MCL 791.234(6) (murder) (the defendant "shall be punished by imprisonment for life" and is "not eligible for parole"); MCL 750.543f(2) (terrorism) (the defendant "shall" be punished by imprisonment for life "without eligibility for parole"). Because of the substantial consequences for defendant's term of incarceration, I would grant leave to appeal to address this issue.

KELLY, C.J., and CAVANAGH, J. We join the statement of Justice MARKMAN.

POWERS V POST-NEWSWEEK STATIONS, No. 138114; Court of Appeals No. 288582.